Davis v Taneja (2019 NY Slip Op 08797)





Davis v Taneja


2019 NY Slip Op 08797


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Webber, Kern, Oing, JJ.


10521 805123/15

[*1] John Davis, et al., Plaintiffs-Appellants,
v
Samir Taneja, et al., Defendants-Respondents.


Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York (Christopher J. Donadio of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliot J. Zucker of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered November 20, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiffs' theory of liability in this action alleging medical malpractice relies on the assertion that plaintiff John Davis was affixed to the operating table before the table was flexed into position in preparation for a partial nephrectomy. Defendants made a prima facie showing that Davis was affixed to the table after the table was flexed, through plaintiff's medical records, which noted that his skin was intact after the nephrectomy. Defendants' expert urologist agreed with defendant doctors' testimonies that the patient's skin would have torn if the table was flexed after the patient was affixed to it (see Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]).
In opposition, plaintiffs failed to raise a triable issue of fact. Plaintiffs' expert did not deny that plaintiff's skin would have been torn if he were affixed to the table before it was flexed, and plaintiffs did not submit evidence addressing the condition of Davis's skin after the surgery. Nor did plaintiffs identify any note in his medical records that indicated that his skin had been damaged. The operative report by Dr. Taneja is insufficient to raise an issue of fact, in light of the testimony that the report only listed the actions that occurred, not necessarily in chronological order, and the fact that the report clearly lists the placement of the Foley catheter out of order (see DeFilippo v New York Downtown Hosp., 10 AD3d 521, 523 [1st Dept 2004]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK